UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JERRY L. HAIGLER,

                Plaintiff,

                               MEMORANDUM & ORDER
      -against-              13-CV-4342(JS)(WDW)

NASSAU COUNTY POLICE DEPARTMENT,
COMMUNICATION BUREAU-VILLAGE OF
WILLISTON PARK, NASSAU COUNTY,
and ARRESTING OFFICER ID#: 7432,

                Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:      Jerry L. Haigler, pro se
                   13001586
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No appearances.

SEYBERT, District Judge:

      On July 26, 2013, incarcerated pro se plaintiff Jerry L. Haigler ("Plaintiff") filed a civil rights Complaint in this Court accompanied by an application to proceed in forma pauperis. However, Plaintiff's submission did not include the required Prisoner Litigation Authorization Form ("PLRA").  Accordingly, Plaintiff was sent a Notice of Deficiency together with a PLRA form with instructions to complete and return the PLRA form in order to proceed with this case. (Docket Entry No. 3.)  On August 6, 2013, Plaintiff timely filed a completed PLRA form.

      Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action

without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).

Accordingly, Plaintiff's application to proceed in forma pauperis

is GRANTED.  However, this case is STAYED pending the completion of

Plaintiff's underlying state court criminal proceedings.

BACKGROUND[1]

Plaintiff's Complaint seeks to challenge an on-going

state court criminal proceeding.  More specifically, Plaintiff

claims that he was arrested on February 28, 2013 by an unnamed

detective who is identified as "ID# 7432" and who is alleged to

work in the Nassau County Police Department's Communication Bureau

located in the Village of Williston Park.[2]  (Compl. at ¶¶ II.D,

IV.)  Plaintiff alleges that he was arrested for burglarizing his

---

[1] All allegations in the Plaintiff's Complaint are presumed to be true for the purposes of this Memorandum & Order.

[2] It is unclear from the Plaintiff's submission whether he intends to sue the Nassau County Police Department, the Communication Bureau, and the Village of Williston Park. Plaintiff includes each of these entities in the caption of the Complaint, but upon review of his allegations, it appears that these entities are included to assist with the identification of the unnamed detective.  The Court need not address this issue at this time given the stay of this action pending the completion of the underlying state court criminal case.  Plaintiff is cautioned, however, that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (dismissing claims against the Nassau County police department because "[t]he Police Department is an administrative arm of the County of Nassau").

2

god mother's home on September 9, 2011 and was not read his <u>Miranda</u> rights. (Compl. ¶ IV.) Plaintiff claims that the arresting officer told Plaintiff that his god mother reported to the police that "she believed [Plaintiff] did the crime" but Plaintiff contends that his god mother "never spoke to any detective until after [Plaintiff] was incarcerated for the burglary." (<u>Id.</u>) Plaintiff claims that he did not commit the burglary for which he was charged[3] and complains that his request for a polygraph was denied. (<u>Id.</u> ¶ V; <u>see also</u> Plaintiff's "Statement of Claim" annexed to his Complaint at 6[4].) Plaintiff also has annexed to his Complaint a notarized statement by his god mother, Denise Howell, who states that "I did not press charges on [Plaintiff] [and] the detective lied . . . ." (<u>Id.</u> at 7.)

As a result of the foregoing, Plaintiff seeks to "be compensated in the amount of ($500,000) Five Hundred Thousand Dollars for wrongfully being accused of a crime I never committed, denied rights and pain and suffering . . . as well as [for] all the time I spent away from my children and family." (Compl. ¶ V.)

---

[3] Plaintiff was charged with a Class C Felony of Burglary in the Second Degree: Illegal Entry - Dwelling in violation of N.Y. PENAL LAW § 140.25(2). <u>See</u> Compl. at 6; <u>see also</u> https://iapps. courts.state.ny.us/webcrim_attorney/Login (last visited on September 20, 2013).

[4] The page numbers for Plaintiff's Complaint refer to those generated by the Electronic Case Filing System.

<u>DISCUSSION</u>

I.   <u>Application to Proceed In Forma Pauperis</u>

Having reviewed Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II.   <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Pl. v. Sealed Def.</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of a proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 124 (2d Cir. 2010), (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868

4

(2009)), <u>aff'd</u>, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>; <u>accord</u> <u>Wilson v. Merrill Lynch & Co.</u>, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

III. <u>Section 1983</u>

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; <u>accord</u> <u>Rehberg v. Paulk</u>, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person

5

who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Here, liberally construed, Plaintiff claims to have been falsely arrested by Detective ID# 7432. It is well-established that "'[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause.'" Williams v. Town of Greenburgh, 535 F.3d 71, 78-79 (2d Cir. 2008) (quoting Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)). Here, given that Plaintiff is awaiting trial on the charges stemming from the challenged arrest and prosecution, he has not-- and cannot--allege that the prosecution terminated in his favor.[5] A conviction would establish probable cause thereby negating his false arrest claims. Accordingly, Plaintiff's false arrest claim

---

[5] The Docket Report from the Nassau County District Court for Plaintiff's underlying criminal case, Case # 2013NA0004686, reflects that Plaintiff pled not guilty and is incarcerated pending trial having not satisfied the bail conditions ordered at his March 1, 2013 arraignment. See https://iapps.courts.state. ny.us/webcrim_attorney/Login (last visited on September 20, 2013).

against Detective ID# 7432 is hereby STAYED pending the outcome of Plaintiff's state court criminal proceedings. <u>Wallace v. Kato</u>, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

The Clerk of the Court is directed to administratively CLOSE this case.[6] Plaintiff shall request, in writing, that this case be reopened within two (2) weeks of the conclusion of his state court criminal proceedings if so warranted at that time.

<u>CONCLUSION</u>

For the reasons set forth above, the application to proceed <u>in forma pauperis</u> is GRANTED, but his Complaint is STAYED pending the conclusion of the underlying criminal trial. The Clerk of the Court shall administratively CLOSE this case. Plaintiff is ordered to request, in writing, that this case be re-opened within

---

[6] Given that the statute of limitations for a Section 1983 false arrest claim begins to run at the time "legal process was initiated" against Plaintiff, the Court will stay this claim pending the conclusion of the underlying state court criminal proceedings rather than dismiss it without prejudice. <u>Wallace</u>, 549 U.S. at 390-91.

two (2) weeks of the conclusion of his state court criminal

proceedings if so warranted at that time.


                              SO ORDERED.


                              /s/ JOANNA SEYBERT_____
                              Joanna Seybert, U.S.D.J.

Dated: November __12__, 2013
       Central Islip, New York